IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamil Aba Mecha Jamison, ) | C/A No.: 1:12-952-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Alvin S. Glenn Detention Center; ) | |
| Captain Michael F. Higgins; Unknown ) | |
| Jane Doe Officers; Unknown John Doe ) | |
| Officers, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at Lieber Correctional Institution alleging violations of 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

On July 10, 2009, while detained at the Alvin S. Glenn Detention Center, Plaintiff allegedly drank water from a five-gallon cooler provided for detainees. [Entry #1 at 3]. Plaintiff began experiencing nausea and stomach pains shortly after ingesting the water. *Id.* Plaintiff continued to drink water from the cooler throughout the day and his symptoms worsened. *Id.* An unidentified correctional officer later discovered a dead mouse in the

bottom of the cooler. *Id.* at 3–4. The complaint alleges that Plaintiff took a shower that night and his skin began itching. *Id.* at 4. Plaintiff then sought medical attention and was seen by a nurse the next day, who provided Plaintiff pain medication and Benadryl. *Id.* Plaintiff indicates that he is still suffering from skin irritation, which he attributes to drinking the contaminated water. *Id.* Plaintiff, who seeks monetary damages, sues Captain Michael F. Higgins for allegedly failing to properly investigate the matter and respond to a grievance he filed. *Id.* at 4–5. The complaint also names the Alvin S. Glenn Detention Center for alleged negligence in supervising and controlling access to the water cooler. *Id.* at 5.

II.  Discussion

    A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

The complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

As an initial matter, the Alvin S. Glenn Detention Center is not a proper defendant in this case. It is well settled that only "persons" may act under color of state law, and several courts have held that inanimate objects such as buildings, facilities, and grounds do not qualify as a "person" under § 1983. *See Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999) (jail "is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"), *overruled on other grounds by Preval v. Reno*, 203 F.3d 821 (4th Cir. 2000); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."); *Jones v. Lexington County Detention Center*, 586 F.Supp.2d 444, 451 (D.S.C. 2008) (finding that Lexington County Detention Center is a physical institution that is not subject to liability under § 1983). Because the Alvin S. Glenn Detention Center is not a "person" amenable to suit under § 1983, it is recommended that it be summarily dismissed from the case.

Next, Plaintiff names Captain Michael F. Higgins for failing to properly handle and investigate Plaintiff's grievance regarding the allegedly contaminated drinking water. However, inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994); *Daye v. Rubenstein*, No. 10-6938, 2011 WL 917248 at *2 (4th Cir. March 17, 2011); *see also Blagman v. White*, 112 F. Supp. 2d 534, 542 (W.D. Va. 2000) (inmate has no constitutional entitlement to grievance procedure).

Therefore, Plaintiff's claim against defendant Higgins, for failure to process and investigate Plaintiff's grievance, is not cognizable under 42 U.S.C. § 1983. As such, defendant Higgins should be summarily dismissed from this action.

Plaintiff further claims that several unknown and unidentified correctional officers at the Alvin S. Glenn Detention Center were deliberately indifferent to his health and safety. Deliberate indifference is a very high standard, which requires more than a showing of mere negligence. *See Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976). Deliberate indifference also requires "more than ordinary lack of due care for the [plaintiff's] interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994). Based on these precedents, the issue is whether an inmate, who has suffered injury, has alleged that the government official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). The instant complaint provides no facts to demonstrate that any of the defendants intentionally placed a mouse in the water cooler or knowingly allowed inmates to drink contaminated water. Thus, Plaintiff's allegations fail to rise to the level of deliberate indifference, and the unknown Jane/John Doe officers are also entitled to summary dismissal from this case.

Finally, the undersigned notes that Plaintiff's complaint is based on claims of negligence. [Entry #1 at 5]. However, negligence, in general, is not actionable under 42 U.S.C. § 1983; *see Daniels v. Williams*, 474 U.S. 327, 332–36 n. 3 (1986); *Davidson v.*

*Cannon*, 474 U.S. 344, 347–48 (1986) (negligent failure to protect an inmate does not "deprive" him of liberty or violate the Constitution); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (*Daniels* bars an action under § 1983 for negligent conduct). Because negligent behavior on the part of a government official does not present a Constitutional violation, Plaintiff's negligence claim is also subject to summary dismissal.

III. Conclusion

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*[signature]*

April 27, 2012  Shiva V. Hodges
Columbia, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).