IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jamil Aba Mecha Jamison, ) | C/A No.: 1:12-952-JMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Alvin S. Glenn Detention Center, ) | |
| Captain Michael F. Higgins, Unknown ) | |
| Jane Doe Officers, Unknown John Doe ) | |
| Officers, and Unknown Director, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Jamil Aba Mecha Jamison, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Lieber Correctional Institution in the custody of the South Carolina Department of Corrections ("SCDC"). Plaintiff alleges his constitutional rights were violated while he was detained at Alvin S. Glenn Detention Center ("ASGDC"). He names as defendants ASGDC, ASGDC employee Captain Michael F. Higgins, and unknown John and Jane Doe officers (collectively "Defendants").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the amended complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

On July 10, 2009, while detained at the ASGDC, Plaintiff allegedly drank water from a five-gallon cooler provided for detainees. [Entry #32 at 2]. He claims that he began experiencing nausea, stomach pains, headaches, and itching shortly after ingesting the water from this cooler. *Id.* at 2–3. He alleges that he continued to drink water from the cooler throughout the day and his symptoms worsened. *Id.* at 2. Plaintiff claims that an unidentified correctional officer discovered a dead mouse in the bottom of the cooler. *Id.* at 2. Plaintiff alleges he sought medical attention immediately. *Id.* at 3. Plaintiff indicates that he continues to experience mental anguish, skin irritation, humiliation, discomfort, and sleeplessness that he attributes to drinking the contaminated water. *Id.* Plaintiff also alleges that his "whole body itches and then turn[s] numb after he gets into water." *Id.* Plaintiff seeks declaratory and monetary relief. *Id.* at 4.

The undersigned issued a Report and Recommendation on April 27, 2012, recommending that the complaint be summarily dismissed. [Entry #10]. Plaintiff objected to the dismissal without an opportunity to amend his complaint. [Entry #12 at 6]. On July 11, 2014, the Honorable J. Michelle Childs, United States District Judge, allowed Plaintiff to file an amended complaint. [Entry #29]. Plaintiff filed his amended complaint on July 28, 2014. [Entry #47].

II.     Discussion

    A.     Standard of Review

Plaintiff filed this case pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set

forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

  This matter is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

  1. ASGDC is an improper defendant

  It is well-settled that only persons may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a person. *See* 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978) (noting that for purposes of § 1983, a person includes individuals and bodies politic and corporate). Courts have held that inanimate objects such as buildings, facilities, and grounds are not considered a person and do not act under color of state law. *See Nelson v. Lexington Cnty. Det. Ctr.*, No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that the plaintiff failed to establish that the Lexington County Detention Center, "as a building

and not a person, is amenable to suit under § 1983"). In this case, Plaintiff names the ASGDC, which is a facility used primarily to house detainees awaiting trial in state court. Because the ASGDC is not a person amenable to suit under § 1983, it should be summarily dismissed from this case.

### 2.     Deliberate indifference

Plaintiff claims that Defendants were deliberately indifferent to his health and safety. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). "The Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson v. Peed*, 195 F.3d 692, 695–96 (4th Cir. 1999). The issue is whether an inmate, who has suffered injury, has alleged that the government official "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm . . . ." *Ruefly v. Landon*, 825 F.2d 792, 793 (4th Cir. 1987). Plaintiff's amended complaint provides no facts to demonstrate that Defendants intentionally placed a mouse in the water cooler or knowingly allowed inmates to

5

drink contaminated water. Plaintiff's allegations fail to rise to the level of deliberate indifference and this claim should be summarily dismissed.[1]

3.  Negligence is not cognizable under § 1983

Plaintiff also alleges a claim of negligence against Defendants. The law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). Plaintiff's negligence claim is also subject to summary dismissal.

III.  Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that this case be dismissed without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 13, 2014  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] To the extent Plaintiff sues Higgins for failing to properly handle and investigate Plaintiff's grievance regarding the allegedly contaminated drinking water [Entry #32-1 at 4], Plaintiff's claim should be summarily dismissed because inmates have no constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).