# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Jamil Aba Mecha Jamison, ) | |
| ) | Civil Action No. 1:12-cv-00952-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Alvin S. Glenn Detention Center, ) | |
| Captain Michael F. Higgins, Unknown Jane ) | |
| Doe Officers, Unknown John Doe Officers, ) | |
| Unknown Director, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Jamil Aba Mecha Jamison ("Plaintiff") filed this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff alleges deliberate indifference, unsafe conditions, and gross negligence in violation of his Eighth Amendment right against cruel and unusual punishment by Defendants Alvin S. Glenn Detention Center ("ASGDC"), Captain Michael F. Higgins, Unknown Jane Doe Officers, Unknown John Doe Officers, and Unknown Director (collectively "Defendants"). (ECF No. 32.)

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial handling. On August 13, 2014, the magistrate judge issued a Report and Recommendation ("Report") recommending the court summarily dismiss Plaintiff's amended complaint without prejudice. (ECF No. 37.) This review considers Plaintiff's Objection to Report and Recommendation ("Objections"), filed September 2, 2014. (ECF No. 39.) For the reasons set forth herein, the court **ACCEPTS** the magistrate judge's Report. The court thereby **DISMISSES** the amended complaint (ECF No. 32) without prejudice and without issuance of service of process.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The facts viewed in the light most favorable to Plaintiff are discussed in the Report. (*See* ECF No. 37.) The court concludes, upon its own careful review of the record, that the magistrate judge's factual summation is accurate and incorporates it by reference. The court will only recite herein facts pertinent to the analysis of Plaintiff's Objections.

Plaintiff is incarcerated at Lieber Correctional Institution within the South Carolina Department of Corrections. (ECF No. 32 at 1.) At the time of the alleged incident, Plaintiff was detained at the ASGDC. (*Id.*) Plaintiff alleges that on July 10, 2009, he experienced nausea, severe stomach pains, and headaches shortly after drinking from a five gallon water cooler. (*Id.* at 2.) Plaintiff continued to drink from the water cooler throughout the day and alleges his symptoms worsened. (*Id.*) Later that day, Plaintiff claims an unknown officer discovered a dead mouse in the bottom of the cooler when the lid was removed to refill it. (*Id.*) Plaintiff alleges he continues to suffer "mental anguish and severe skin irritations" in addition to "great humiliation, embarrassment, and discomfort," sleeplessness, and that "his body tightens up and his whole body itches then turn numb after he gets into water." (*Id.* at 3.) Plaintiff filed his complaint on April 5, 2012. (ECF No. 1.) On April 27, 2012, the magistrate judge issued a Report and Recommendation recommending the complaint be summarily dismissed. (ECF No. 10.) On May 5, 2012, Plaintiff filed an objection to the Report and Recommendation and requested he be allowed to amend his complaint. (ECF No. 12.) This court granted Plaintiff leave to file an amended complaint via a text order on July 11, 2014. (ECF No. 29.) Plaintiff filed his amended complaint on July 28, 2014, seeking declaratory relief, $125,000 in compensatory damages and $250,000 in punitive damages against each Defendant, a jury trial, Plaintiff's costs, and any additional relief this court deems just, proper and equitable. (ECF No. 32 at 4.)

The magistrate judge issued the Report on August 13, 2014, recommending the court dismiss the case without prejudice and without issuance and service of process. (ECF No. 37 at 6.) The magistrate judge found that the ASGDC, as an institution, is not a proper defendant under § 1983, which requires action by a *person*. (*Id.* at 4, citing 42 U.S.C. § 1983; *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 N.55 (1978).) In addition, the magistrate judge found that Plaintiff cannot establish his claim that Defendants were deliberately indifferent to his health and safety because he cannot show Defendants had "wantonly and obdurately failed to take precautions for his safety in deliberate indifference to a specific known risk of harm." (*Id.* at 5, quoting *Ruefly v. Landon,* 825 F.2d 792, 793 (4th Cir. 1987).) Finally, the magistrate judge noted that negligence is not actionable under § 1983, and thus Plaintiff's negligence claim is subject to summary dismissal. (*Id.* at 6.)

Plaintiff timely filed his Objections to the Report on September 2, 2014. (ECF No. 39.)

## STANDARD OF REVIEW

The magistrate judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely

3

filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the plaintiff fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Plaintiff is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

## ANALYSIS

Plaintiff's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Since Plaintiff failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the magistrate judge.

In his Objections, Plaintiff asserts that all named or unknown Defendants were employees of the ASGDC at the time of the alleged incident, and thus acted "under color of state law." (ECF No. 39 at 1.) However, Plaintiff still fails to allege any facts showing deliberate indifference by any of the Defendants.

4

Further, Plaintiff argues that Defendants had a duty of care toward Plaintiff and it was a breach of that duty that led to Plaintiff drinking from an unsanitary water cooler and getting sick. (*Id.*)  However, this is the language of a negligence claim, which, as the magistrate judge properly noted, is not actionable under § 1983.

Finally, Plaintiff points to the Supreme Court case of *Whitley v. Albers* to assert the proposition that it is "cruel and unusual punishment to house inmates in unsafe conditions of confinement and or to place inmates at risk of harm." (*Id.*, citing 475 U.S. 312, 319 (1986).) However, *Whitley* also states that "[t]o be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. … It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley,* 475 U.S. at 319.  Plaintiff can offer no facts to show Defendants' behavior was more than error in good faith, nor that it rose to the level of "obduracy and wantonness."  As such, summary dismissal is appropriate.

## CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report and Recommendation of the magistrate judge and the record in this case, the court **ACCEPTS** the Report and Recommendation of the magistrate judge (ECF No. 37).  It is therefore ordered that Plaintiff's amended complaint (ECF No. 32) is **DISMISSED** without prejudice and without service of process.

5

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

October 3, 2014
Columbia, South Carolina